## SUPERIOR COURT OF BALTIMORE CITY

Filed October 30, 1895.

FREEBURGER

VS.

PENDLETON, ETC., REGISTERS.

John C. Rose and Morris A. Soper for petitioner.

Peter J. Campbell and James H. Preston for the Registers.

RITCHIE, J.—

In this case the petitioner asks leave to amend his petition by changing Britton into Batton, so that it may apply to Harry D. Batton instead of Harry D. Britton. The defendants deny the power of the Court to allow any substantial amendment in the name after the expiration of one week from the final day of the October sitting (October 9th, 1895), the period during which all appeals must be taken.

The registration book shows that there is no Britton registered in this precinct, but that there is a Harry D. Batton registered from the house named in the petition.

By agreement of counsel the copy of all entries in the registry which relate to the subject matter, and which the statute provides shall be filed as an exhibit with the petition, is to be taken as if filed. Had this exhibit been in fact filed it would show a copy of the name, residence, etc., of Batton. The petition must be read as if such exhibit were a part of it, and, so read, it tends to show that while the name of Britton is on the face of the petition, the party intended was Batton.

The testimony shows that there is no Britton living at 878 Lemmon street; that the application made to the registers was to strike off the name of Batton; that it was from their refusal to do so that the appeal was in-

tended to be taken; and that the writing of Britton in the petition instead of Batton was a clerical mistake. It also appears from the evidence that *Harry D. Batton* was illegally registered from the house in question.

Under these circumstances it is clear that the amendment ought to be allowed if I have the power to grant the leave, in order that this case "may be tried on its real merits and the purposers of justice subserved." It is contended that no right of amendment is given under the registration Acts, and that such proceedings as these are not within the provisions of the Code relating to amendments in suits and actions at law. I think however that a fair construction of the registry law would bring these cases within the provisions of the Code. It is provided by the Act of 1890, Ch. 573, Sec. 21, that exceptions may be taken in these proceedings to any ruling of the judge and an appeal allowed *"as in other cases."* This seems to recognize these cases as cases at law. They also are heard in other respects according to the established practice in ordinary cases so far as the same may be applicable, and from the nature of the proceedings I think they ought to be regarded as also within the provisions of the law relating to amendments.

In the street case of Farrell vs. M. C. C., 75 Md. 493, the appellant was allowed, after the expiration of the period for taking an appeal, to so amend her appeal as to make it one from the damages awarded instead of from the benefits assessed, the record showing that no benefits had been assessed against her. In Elliott vs. Peterson's executors, 4 Md. 476, the commission to take testimony named the defendants by mistake as executors of John *Turner* instead of Peterson, and the testimony was held inadmissible; but the Court further holds that if there had been proof that there was no case on the docket against the executors of Turner, the use of his name would have been regarded as a clerical misprision. In this case it is proved that there is no Britton on the registry of this precinct.

As a matter of right no harm or injustice to Batton will be done by allowing this amendment and then striking off his name without notice to him, because under the Act the voter is not a party to the proceeding and no notice to him is required. The correction of a mistake in a name cannot make necessary a notice which is not required when the name is correctly stated. As a matter of fact no injustice will be done to Batton, because he is not entitled to be registered in this precinct. Neither do I see that any hardship will likely happen in future cases by deciding that these petitions may be amended. The leave to amend will always rest in the legal discretion of the judge, and it will be exercised according to the facts in each case and in such manner as to prevent surprise and injustice. On the other hand, if I have no power to allow this amendment, I must leave on the list of voters the name of a man against whose registration complaint was made before the registers, and who is illegally registered in this precinct.

If the right to amend exists, any amendment made would relate back to the time of filing the petition, and therefore no new case would be made. Being of opinion that the petitioner is entitled to make the amendment in question, leave is granted to do so.